Kenneth CENDER and Stephen
Cender, Plaintiffs,

v.

Joseph PETERS, Informant; Dominick
Grillo, Detective, New York City
Police Department, Defendants.

No. 82 Civil 1064.

United States District Court,
S. D. New York.

Oct. 5, 1982.

Kenneth Cender, Stephen Cender, pro se.

Frederick A. O. Schwarz, Jr., Corp. Counsel, New York City, for defendant Grillo; Robert Katz, Asst. Corp. Counsel, New York City, of counsel.

OPINION

EDWARD WEINFELD, District Judge.

Plaintiffs, Kenneth Cender and Stephen Cender, were convicted in the Supreme Court of the State of New York upon a jury trial of the criminal sale of a controlled substance in the first degree and the criminal possession of a controlled substance in the first degree and are serving sentences imposed thereunder. Plaintiff Stephen Cender's conviction has been unanimously affirmed by the Appellate Division, First Department;[1] Kenneth Cender's appeal is pending.

Plaintiffs now bring this action under 42 U.S.C., section 1983, against Joseph Peters, an informant, and Dominick Grillo, a police officer who acted in an undercover capacity with respect to plaintiffs' activities which led to their arrest and conviction. Grillo and Peters testified as prosecution witnesses at plaintiffs' trial.

The essence of plaintiffs' claims in this action is that "the defendants, acting in concert . . . coerced and induced" them to enter into the narcotics transactions for which they were convicted and that "[d]espite the subsequent conviction . . . it was founded upon an entrapment whereby the original design of the crime originated with the police, and an uncontrolled police informant [defendant Joseph Peters]. And that the same is illegal under the laws of the State of New York, Penal Law section 40.-05, and under the United States Constitution."[2] The plaintiffs seek to have this

1. *People v. Cender,* 78 A.D.2d 1017, 435 N.Y. S.2d 201 (1st Dep't 1980).

2. Complaint at 2a–3.

Court "declare null and void"[3] the state court's judgment of conviction and to award each of them punitive damages in the sum of $250,000 against each defendant.

The defendant Grillo moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that (1) it fails to state a claim upon which relief can be granted against him, and (2) the issues presented by the complaint have been judicially litigated and resolved adversely to plaintiffs. Upon their trial, each Cender, pursuant to New York Penal Law, section 40.05,[4] presented the issue of entrapment as an affirmative defense. Each testified in support of the defense and the State offered the testimony of Grillo and Peters. The jury was instructed on the respective burdens of proof with respect to the issue of entrapment and the jury found the defendants guilty.

■ First, insofar as plaintiffs seek to have this Court declare their judgment of conviction null and void, they challenge the very fact of their physical confinement. As a result the complaint must be deemed a petition for a writ of habeas corpus under 28 U.S.C., section 2254, which requires them to exhaust available state remedies before petitioning this Court.[5] The defendant's motion to dismiss this branch of their complaint must be granted since plaintiffs have not exhausted available state remedies. Kenneth Cender's appeal is still pending undetermined in the Appellate Division. While Stephen Cender's conviction has been affirmed by the Appellate Division, state law authorizes an application for leave to appeal to the New York Court of Appeals.[6]

Additionally, to the extent that plaintiffs seek to be released from confinement under the allegedly "null and void" conviction, they are not in the custody of the defendant Grillo. The complaint alleges they are confined at Clinton Correctional Facility located in Dannemora, New York. The proper party to be sued in a habeas proceeding, if such a suit is maintainable at all, is the person in whose custody they are confined.[7]

The defendant further moves to dismiss plaintiffs' claim for punitive damages under 42 U.S.C., section 1983, on the ground of collateral estoppel since the issue of entrapment under the New York statute was raised by plaintiffs and was fully and fairly litigated during their trial. As noted, it was the subject of testimony by the prosecution and the defense. Upon the trial plaintiffs also made motions to dismiss the charges against them both at the close of the prosecution's case and at the close of their case upon the basis of their defense of entrapment. All these motions were denied. The jury was specifically instructed on the issue and nonetheless reported a verdict of guilty.

■ Plaintiffs seek to relitigate here the very issue of entrapment that was decided adversely to them. The doctrine of collateral estoppel is applicable in an action brought under 42 U.S.C., section 1983. In *Allen v. McCurry*,[8] the Supreme Court ruled:

[N]othing in the legislative history of § 1983 reveals any purpose to afford less deference to judgments in state criminal proceedings than to those in state civil proceedings.

---

3. *Id.* at 3.

4. N.Y.Penal Law § 40.05 (McKinney 1975) provides:

In any prosecution for an offense, it is an affirmative defense that the defendant engaged in the proscribed conduct because he was induced or encouraged to do so by a public servant, seeking to obtain evidence against him for purpose of criminal prosecution, and when the methods used to obtain such evidence were such as to create a substantial risk that the offense would be committed by a person not otherwise disposed to commit it. Inducement or encouragement to commit an offense means active inducement or encouragement. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

5. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

6. N.Y. CPL § 460.20 (McKinney 1971).

7. *See* Rule 2(a) of Rules Governing Section 2254 Cases.

8. 449 U.S. 90, 104, 101 S.Ct. 411, 420, 66 L.Ed.2d 308 (1980).

Additionally, a reading of the State record makes it clear that there is no basis for a due process claim based upon alleged outrageous conduct by the police undercover agent and the informant. These acts complained of are those traditionally employed to obtain evidence against those engaged in trafficking in illicit drugs. Infiltration of and limited participation in a criminal enterprise is a "recognized and permissible means of investigation" necessary to gather evidence of illegal conduct.[9] The claimed conduct does not approach the sort of egregious conduct that would violate plaintiffs' right to due process.[10]

Defendant Grillo's motion to dismiss the complaint is granted.

---

**9.** *United States v. Russell,* 411 U.S. 423, 432, 93 S.Ct. 1637, 1643, 36 L.Ed.2d 366 (1973); *see also United States v. Corcione,* 592 F.2d 111, 115 (2d Cir.), *cert. denied,* 440 U.S. 975, 99 S.Ct. 1545, 59 L.Ed.2d 794 (1979); *United States v. Archer,* 486 F.2d 670, 676–77 (2d Cir. 1973).

**10.** *Cf. United States v. Myers,* 692 F.2d 823, 837 (2d Cir. 1982); *United States v. Alexandro,*

675 F.2d 34, 39–41 (2d Cir.), *cert. denied,*—— U.S. ——, 103 S.Ct. 78, 74 L.Ed.2d 75 (1982); *United States v. Nunez-Rios,* 622 F.2d 1093, 1097–98 (2d Cir. 1980); *United States v. Corcione,* 592 F.2d 111, 114–16 (2d Cir.), *cert. denied,* 440 U.S. 975, 99 S.Ct. 1545, 59 L.Ed.2d 794 (1979).